IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACQUES WIKSON,** : | **CIVIL ACTION NO. 1:06-CV-0853** |
| Petitioner : | **(Judge Conner)** |
| v. : | |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, INTERIM FIELD OFFICE DIRECTOR FOR THE PHILADELPHIA DISTRICT,** : | |
| Respondent : | |

## MEMORANDUM

Presently ripe for disposition is Jacques Wikson's ("Wikson") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Wikson is a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") who is seeking release from continued indefinite detention pending removal from the United States. For the reasons set forth below, the petition will be denied without prejudice.

**I.   Background**

Wikson, a native and citizen of Haiti, entered the United States on or about March 8, 1986, as a lawful permanent resident. (Doc. 11-2, p. 4). On October 21, 2004, ICE issued a "Notice to Appear" for removal proceedings under section 240 of the Immigration and Nationality Act (the "Act"), as amended, charging that he was deportable under section 237(a)(2)(B)(i) of the Act based on a conviction relating to a controlled substance, and section 237(a)(2)(A)(iii), because he was convicted of an aggravated felony. (Id. at pp. 2, 4).

Wikson was taken into ICE custody on March 2, 2005.  (Doc. 1, p. 1).  On July 13, 2005, he was ordered removed from the United States to France, or in the alternative, to Haiti.  (Doc. 11-2, p. 6).  A custody review was conducted on June 1, 2006, and, on June 27, 2006, it was concluded as follows:

> You have several convictions for criminal possession of controlled substance and have been convicted for theft by deception.  The Immigration Judge ordered your removal in your case on July 13, 2005.  ICE has scheduled your interview with the Haitian officials within the next two weeks.  Therefore, it is expected that you will be removed from the United States in the near future.

(Doc. 11-2, p. 8).  Repatriation flights to Haiti have recently recommenced.[1]  (Doc. 11-2, p. 10).  "ICE has been successful in repatriating Haitian citizens who are subject to final orders of deportation or removal.  For example, in fiscal year 2005, ICE repatriated 1,022 nationals of Haiti.  Thus far, in fiscal year 2006, 255 Haitian nationals have been repatriated."  (Id.)  Wikson is scheduled to be on one of the next repatriation flights to Haiti.  (Id. at p. 11).  ICE is unaware of any barriers that would prevent removing Wikson to Haiti in the reasonably foreseeable future.  (Id.)

Wikson filed the present petition alleging that Haiti is not accepting him and that his indefinite detention is unconstitutional.  He is seeking immediate release or, in the alternative, the type of meaningful review contemplated by 8 C.F.R. § 241.4.  (Doc. 1, p. 8).

---

[1] Respondents provide no history concerning the repatriation of Haitian nationals.  They simply state that "[b]ased on recent negotiations between the U.S. and Haiti, repatriation flights have recommenced.  The first such flight left for Haiti on May 25, 2006, and resulted in the repatriation of 58 criminal Haitians."  (Doc. 11-2, p. 10).

**II.    Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231.  Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  Continued detention beyond the mandated 90-day removal period is authorized, but only as long as "reasonably necessary" to effectuate removal from the country.  Zadvydas v. Davis, 533 U.S. 678, 689 (2001).  "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized." Id. at 699.   "The [Zadvydas] Court further held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'"  Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722 (2005) (quoting Zadvydas, 533 U.S. at 701).

Wikson has failed to meet his burden under Zadvydas of showing that removal is unlikely in the reasonably foreseeable future.  As noted above, repatriation flights to Haiti have recently recommenced and Wikson is scheduled to be on one of the next flights.  ( Doc. 11-2, p. 11).  His contentions that Haiti is not accepting him, and that his removal is not likely to occur in the reasonably foreseeable future has no support in the record.  In fact, according to respondents, there are no barriers preventing Wikson's removal to Haiti.  Consequently, the petition will be denied.

Although the current record fails to demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable future," Zadvydas, 533 U.S. at 701, the court notes that, at some point in time, ICE's inability to remove Wikson to Haiti may provide "good reason" to believe the removal is unlikely to be carried out. "For detention to remain reasonable, as the period for confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. Hence, the petition will be denied without prejudice.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

Dated:      August 14, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACQUES WIKSON,** | : CIVIL ACTION NO. 1:06-CV-0853 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, INTERIM FIELD OFFICE DIRECTOR FOR THE PHILADELPHIA DISTRICT,** | : |
| Respondent | : |

## **O R D E R**

AND NOW, this 14th day of August, 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED without prejudice to Wikson to file another § 2241 petition should he develop good reason to believe that removal is no longer reasonably foreseeable.

2. The Clerk of Court is directed to CLOSE this case.


       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge